**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12299

Non-Argument Calendar

_____

ANGELA W. DEBOSE,

*Plaintiff-Appellant,*

MICHAEL WASHINGTON,

LAVONNE WASHINGTON,

*Intervenor Plaintiffs,*

*versus*

UNITED STATES OF AMERICA,

THIRTEENTH JUDICIAL CIRCUIT,

RONALD FICARROTTA,

   Chief Judge, in official capacity,

ELIZABETH G. RICE,

   individually and/or in her official capacity,

GREGORY P. HOLDER,

   individually and/or in his official capacity, et al.,

*Defendants-Appellees.*

———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-02127-SDM-AAS

———————————————

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Angela DeBose, a licensed attorney proceeding pro se,[1] appeals the denial of her motion to dissolve a limited filing injunction enjoining her from filing further lawsuits about her employment at the University of South Florida without the signature of an attorney barred in Florida or the Middle District of Florida. The injunction was imposed on her in 2022, and we affirmed the imposition of the injunction. *See DeBose v. United States*, No. 22-13380, 2024 WL 489699 at *1 (11th Cir. Feb. 8, 2024). She contends there has been a significant change in circumstances that justifies dissolution of the injunction under Federal Rule of Civil Procedure 60(b)(5), including a letter from a member of the Wisconsin Supreme Court Office of Lawyer Regulation (OLR) indicating that it had investigated DeBose and found "no misconduct" on her part.[2] She also asserts the original imposition of the injunction violated due process when the district court failed to provide her with notice and

———————————————

[1] While we liberally construe pro se pleadings, this rule does not apply to a licensed attorney. *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

[2] DeBose is admitted to the State Bar of Wisconsin.

25-12299                Opinion of the Court                3

an opportunity to be heard before its issuance.  After review,[3] we affirm.

District courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.  *Procup v. Strickland*, 792 F.2d 1069, 1072-73 (11th Cir. 1986) (en banc) (listing several different injunctions that courts have historically permitted to curtail vexatious litigation); *see also Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993).  A litigant can thus be "severely restricted" as to what he may file and how he must behave when seeking judicial relief so long as he is not "completely foreclosed from *any* access to the court." *Procup*, 792 F.2d at 1074.

Federal Rule of Civil Procedure 60(b)(5) permits a party to obtain relief from an order if, among other things, "applying [the order] prospectively is no longer equitable."  Fed. R. Civ. P. 60(b)(5).  Although this rule may not be used to challenge the legal conclusions on which a prior judgment rests, the rule allows parties to modify or vacate an existing order if "a significant change either in factual conditions or in law" renders its continued enforcement "detrimental to the public interest."  *Horne v. Flores*, 557 U.S. 433,

---

[3] The district court's decision as to whether to modify an injunction is reviewed for abuse of discretion. *SuVicMon Dev., Inc. v. Morrison*, 991 F.3d 1213, 1224 (11th Cir. 2021).

447 (2009) (quotation marks omitted).  The party seeking relief under this rule bears the burden of establishing that changed circumstances warrant relief.  *Id.*

DeBose fails to show an abuse of discretion in the district court's denial of her motion to dissolve, because she does not carry her burden of establishing a significant change in fact or law that justifies dissolution.  *See id.*  The sole ground she raises on appeal to make her showing is the OLR letter clearing her of any "misconduct."  But this argument misunderstands the original injunction.  The district court did not impose the injunction because it found DeBose's actions to constitute professional misconduct with the State Bar of Wisconsin.  It imposed the injunction because it found her duplicitous lawsuits relitigating the same issues against the same defendants to be vexatious.  Therefore, the existence of the OLR letter clearing her of any professional misconduct with the State Bar of Wisconsin is immaterial to the injunction's original aims.  Accordingly, DeBose's contention that there was a significant change in factual conditions necessitating the injunction's dissolution is unpersuasive, and the district court did not abuse its discretion in denying her motion.  Because DeBose's due process, First Amendment, and inherent authority arguments go to the legal conclusions of the underlying injunction, we do not address them further.  *See id.*; *DeBose*, 2024 WL 489699 at *1.

**AFFIRMED.**